OPINION
This is an appeal from the February 19, 1999 judgment entry of the Municipal Court of Tiffin, Seneca County, finding the appellant Robert M. Henning, Sr. guilty of speeding in violation of R.C.4511.21 and fining him $51.00 plus costs. Appellant states as his sole assignment of error:
 The trial court erred in admitting evidence relating to a radar unit and subsequently convicting Defendant upon such evidence for a violation of O.R.C. Sec 4511.21 (Speeding).
Appellant points out that in calibrating the radar unit used by the arresting officer, Trooper Kenneth Tyson, Jr., Tyson performed the required tuning fork test in an improper method contrary to the manufacturer's instructions. The manual states that the tuning fork should be struck on wood or plastic and the trooper struck it on a metal surface. The court found that this variance was not sufficient to render the calibration check inadequate. We agree.
While it is clear that the manufacturer states that the tuning fork should be struck on a wood or plastic surface, there is no explanation as to why that statement is made or any indication that it is mandatory. Appellant has presented no evidence or case law to demonstrate that the failure to strike the tuning fork on a wooden or plastic surface would do anything more than add a longer life to the tuning fork.
On the other hand, the trooper testified on pages 13 and 14 of the transcript to substantially complying with the calibration procedure. In addition, the trooper testified as follows on page 10 of the transcript:
Q When you turned the radar unit on, how did it function?
A It was functioning properly. I checked to make sure. I checked my speedometer speed with the patrol speed that was on the radar, it registered. I was also receiving a high pitched audio, which was in comparison with what the speed was that the defendant was driving.
Without further evidence, we agree with the trial court that "the variance from the directions of the operator's manual is not sufficient to render the calibration check inadequate."
In addition, the trooper testified on pages 7 and 8 of the transcript:
Q What drew your attention to that person's vehicle?
A I was proceeding northbound. I observed his vehicle coming south toward me. There was no other traffic around at that time. There was nothing between me and him, no other vehicles around. His vehicle appeared to be moving above the speed limit of 55 miles per hour.
This testimony by the arresting officer with 22 years experience, is additional evidence that the appellant was speeding and was considered by the trial court on page 25 of the transcript:
MR. HINIG: That's correct, because that is the issue I see. Obviously, if they can't, the State isn't permitted to use that, that was the only evidence relating to his speed.
THE COURT: No, no, he testified to his opinion that the speed was over 55.
MR. HING: But he gave no opinion as to what that speed was.
THE COURT : The law says don't go faster than 55.
For the foregoing reasons, the assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.